# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

JEREMY BOYD,              )
                               )
           **Plaintiffs,**       )
                               )
      **v.**                   )     **Case No.  3:25-cv-05033-MDH**
                               )
**CEDAR COUNTY, MISSOURI et al.,**  )
                               )
          **Defendants.**      )

## ORDER

Before the Court is Defendants Cedar County, Missouri, Cedar County Sheriff's Office, Cedar County Jail, Sheriff James "Jimbob" McCrary, Garrett C. Lukenbill and James M. Heryford's (collectively "Cedar County Defendants") Motion to Dismiss. (Doc. 11).[1] Cedar County Defendants filed Suggestions in Support (Doc. 12), Plaintiff filed Suggestions in Opposition (Doc. 29) and Cedar County Defendants filed a reply. (Doc. 34). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Cedar County Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case stems from the alleged denial of proper medical and dietary care as well as physical, mental, and emotional abuse Plaintiff suffered while incarcerated at the Cedar County and Vernon County Jails from February 26, 2021, to May 2, 2023. Plaintiff Jeremy Boyd is a resident of Moundville, Missouri. Defendant Cedar County is a public entity of the State of

---

[1] On August 15, 2025, Plaintiff filed notices of voluntary dismissal wishing to voluntarily dismiss Defendants Cedar County Jail and the Cedar County Sheriff's Office. On August 18, 2025, this Court ordered the dismissal of those Defendants without prejudice. While Cedar County Defendants' Motion to Dismiss includes Defendants Cedar County Jail and Cedar County Sheriff's Office, those Defendants have already been dismissed from the case.

Missouri which operates the Cedar County Sheriff's Office and Cedar County Jail. Defendant Sheriff James "Jimbob" McCrary is the Sheriff of Cedar County. Defendant James M. Heryford is a Sheriff's Deputy and employee of Cedar County. Defendant Garrett C. Lukenbill is a Sheriff's Deputy and employee of Cedar County. Defendants John Doe Cedar County Jailers 1 and 2 are Cedar County Jailers and employees of Cedar County Sheriff's Office. Defendant Vernon County, Missouri is a public entity of the State of Missouri which operates the Vernon County Sheriff's Office and Vernon County Jail. Defendant Sheriff Jason Mosher is the former Sheriff of Vernon County and served in that role at all times relevant. Defendants Tycher Blakely, Travis Cole, Brett Dawn, Zecharias Hogan, and Wesley Swanson are all Vernon County Sheriff's Deputies and employees of Vernon County. Defendants John Doe Vernon County Jailers 1 and 2 are Vernon County Jailers and employees of Vernon County.

On February 26, 2021, Plaintiff was taken into custody by the Vernon County Sheriff's Department and detained at the Vernon County Jail. Shortly after, Plaintiff suffered a seizure, was released from the hospital and transferred to the Cedar County Jail. During his time at the Cedar County Jail Plaintiff alleges that he was maced on multiple occasions, tazed, was assaulted and battered, and was threatened with further violence If he made any additional inmate hotline calls. On August 2021, Plaintiff was transferred back to the Vernon County Jail. During his time at the Vernon County Jail Plaintiff alleges various poor treatment including: being denied toilet paper; kept in lockdown for 22 hours per day; denial of meal service; being subjected to total isolation in a dark, damp and bug infested cell; his cell flooding with feces and urine which he had to live with or clean up without proper supplies; being routinely fed spoiled, rotten or raw food covered in bugs; denied the ability to take showers; having his commissary withheld; not getting the proper

diet as required by a doctor for his alpha-gal syndrome[2]; being housed with dangerous inmates; physical abuse and sexual abuse.

Plaintiff brings seven counts in his Complaint based on his time in both the Cedar County Jail and Vernon County Jail: Count I – 42 U.S.C. § 1983 Violation of Eighth Amendment Prohibition Against Cruel & Unusual Punishment against all Defendants; Count II – 42 U.S.C. § 1983 Violation of Fourteenth Amendment Right to Medical Care Post-Detention against all Defendants; Count III – 42 U.S.C. § 1983 Entity and Supervisory Liability against Vernon County and Cedar County Defendants; Count IV – Assault and Battery against Vernon County and Cedar County Defendants; Count V – Intentional Infliction of Emotional Distress against Vernon County and Cedar County Defendants; VI – Negligence against Vernon County Defendants; and Count VII – Respondeat Superior, or alternatively, Contributory Negligence against Defendants Vernon County and Mosher.

Cedar County Defendants argue that Plaintiff's claims are barred by the public duty doctrine; Defendant McCrary is entitled to official immunity; Defendant Cedar County is entitled to sovereign immunity; Defendants Lukenbill and Heryford are entitled to immunity; Plaintiff fails to state a section 1983 claim against Cedar County Defendants; Plaintiff fails to state a claim for assault and or battery, and the statute of limitations has run for Plaintiff's assault and battery claim. The Court will take each argument in turn.

## STANDARD OF REVIEW

---

[2] Alpha-gal syndrome is a type of food allergy to red meat and other products that come from mammals. Alpha-gal syndrome causes mild to intense allergies and can also cause reactions to other foods that come from mammals, such as dairy products or gelatin. See Alpha-gal syndrome, Mayo Clinic (Oct. 28, 2025), https://www.mayoclinic.org/diseases-conditions/alpha-gal-syndrome/symptoms-causes/syc-20428608.

3

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

The Court will first start its analysis with Cedar County Defendants' argument regarding Count IV – Assault and Battery.

## I.    Statute of Limitations

Cedar County Defendants argue that Plaintiff's assault and battery claims are barred by the statute of limitations. Plaintiff did not make an argument regarding the statute of limitations. Missouri Revised Statute ("Mo. Rev. Stat.") 516.140 governs what actions fall within the two-year statute of limitations period. The statute states "[w]ithin two years: an action for libel, slander, injurious falsehood, *assault*, *battery*, false imprisonment, criminal conversation, malicious

prosecution or actions brought under section 290.140." Mo. Rev. Stat. § 516.140 (emphasis added).

In Plaintiff's Complaint he states that he was in custody at the Cedar County Jail from about February 2021 to August of 2021. (Complaint ¶¶ 29 and 37). Plaintiff then alleges that he was in custody at the Vernon County Jail from September 2021 until May 2, 2023. (Complaint ¶ 77). The Court finds that the allegations against the Cedar County Defendants happened between February 2021 to August of 2021. As such, Plaintiff was to bring his claims for assault and battery within the two-year period of time pursuant to Mo. Rev. Stat. § 516.140. Plaintiff filed his Complaint on May 1, 2025, well after the two-year statute of limitations. Therefore, the Court finds that Plaintiff's Count IV – Assault and Battery against Cedar County Defendants is barred by the statute of limitations. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count IV based upon the statute of limitations is **GRANTED**.

Cedar County Defendants further make arguments regarding the sufficiently of Plaintiff's Count IV pleading. The Court having granted Cedar County Defendants' Motion to Dismiss Count IV – Assault and Battery will decline to further evaluate Cedar County Defendants' argument regarding the sufficiently of Plaintiff's pleading of this count.

## II.    Public Duty Doctrine

Cedar County Defendants argue that Counts I through V should be dismissed as the allegations in this case are asserted against two individual officers, the officers' employer, and the Sheriff. Cedar County Defendants assert that these Defendants, as officers and employers, owe a duty to the public at large and not specifically to Plaintiff personally or individually. Cedar County Defendants therefore argue that the public duty doctrine leaves Plaintiff unable to prove the

elements of his claim and that their Motion to Dismiss should be granted. Plaintiff argues that the Defendants acted maliciously and in bath faith toward Plaintiff and that bad faith/malice precludes the public duty doctrine in this case.

Under the public duty doctrine, "a public employee is not liable to an individual for injuries resulting from a breach of duty the employee owes only to the general public. *Est. of Snyder v. Julia*, 789 F.3d 883, 887–88 (8th Cir. 2015) (citing *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008)).  A "public duty" is "the 'kind of duty owed to the public at large,' and is the kind of duty that requires the public official to use discretion, including 'professional expertise, training and judgment.'" *Gregg v. City of Kansas City*, 272 S.W.3d 353, 362 (Mo. Ct. App. 2008) (citing *Davis-Bey v. Mo. Dep't of Corr.*, 944 S.W.2d 294, 298 (Mo. Ct. App. 1997)). The public duty doctrine does not insulate a public employee from all liability, as he could still be found liable for breach of ministerial duties in which an injured party had a "special, direct, and distinctive interest." *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008), *as modified on denial of reh'g* (Sept. 30, 2008) (quoting *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 445 (Mo. banc 1986). The public duty doctrine will not apply where defendant public employees act "in bad faith or with malice." *Id.* (quoting *Jackson v. City of Wntzville*, 844 S.W.2d 585, 588 (Mo. App.1993).

Here, Plaintiff has alleged five counts: Count I – 42 U.S.C. § 1983 Violation of Eighth Amendment Prohibition Against Cruel & Unusual Punishment; Count II – 42 U.S.C. § 1983 Violation of Fourteenth Amendment Right to Medical Care Post-Detention; Count III – 42 U.S.C. § 1983 Entity and Supervisory Liability; Count IV – Assault and Battery; and Count V –

Intentional Infliction of Emotional Distress. The Court will evaluate each of these counts separately.[3]

### A.    Counts I and V

At this stage of the litigation, Cedar County Defendants are not entitled to dismiss Count I – 42 U.S.C. § 1983 Violation of Eighth Amendment Prohibition Against Cruel & Unusual Punishment and Count V – Intentional Infliction of Emotional Distress. Plaintiff's Complaint alleges multiple actions of the Cedar County Defendants allegedly macing, tazing, assaulting, battering, and threatening Plaintiff. (Complaint ¶¶ 30-36). Further, as to Count I "[a]ll Defendants demonstrated personal prejudice and malice against Jeremy Boyd." (Complaint ¶ 88). As to Count V, Plaintiff alleges "Vernon County and Cedar County Defendant's actions were willful, wanton or malicious, constituted gross misconduct and demonstrated a conscious and reckless disregard for the rights of Jeremy, thereby allowing an award of punitive damages." (Complaint ¶ 125). Taking the allegations as true for the purpose of a motion to dismiss, Plaintiff has sufficiently alleged that Cedar County Defendants in Counts I and V acted with malice. As such, the Court finds that the public duty doctrine does not apply to these causes of action at this stage of the litigation. However, Plaintiff will be required to produce evidence of malice to ultimately prevail against Defendants. For the reasons stated, Cedar County Defendants' Motion to Dismiss Counts I and V for those Cedar County Defendants sued in their individual capacity based on the public duty doctrine are **DENIED**.

### B.    Count II

---

[3] As the Court has already dismissed Plaintiff's Count IV – Assault and Battery claim as it relates to the Cedar County Defendants, the Court will not go into an analysis of the public duty doctrine on that count.

Count II – 42 U.S.C. § 1983 Violation of Fourteenth Amendment Right to Medical Care Post-Detention is labeled as a cause of action against all Defendants. However, within the body of this count is exclusively allegations against the Vernon County Defendants.[4] This Count is devoid of any allegations against the Cedar County Defendants. As this count alleges a cause of action against only the Vernon County Defendants, the Court will grant Cedar County Defendants' Motion to Dismiss Count II – 42 U.S.C. § 1983 Violation of Fourteenth Amendment Right to Medical Care Post-Detention in its entirety. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count II is **GRANTED**.

## C.   Count III

The public duty doctrine does not mandate dismissal at this stage as to Count III – 42 U.S.C. § 1983 Entity and Supervisory Liability. Here, Plaintiff alleges:

> Defendants Cedar County and McCrary have an affirmative duty to adequately train Sheriff's deputies and Jail staff on the treatment of detainees. Defendants Cedar County and McCr[]ary have failed in this duty, to the detriment of Jeremy Boyd and at the risk of all citizens of the State of Missouri. Defendants Cedar County and McCr[]ary have an affirmative duty to address training and other personnel management measures to ensure the safety of all detainees at the county jail. Yet they failed to take any steps to remedy and demonstrated deliberate indifference to or tacit approval of these constitutional deprivations, directly contributing to the constitutional violations suffered by Jermey Boyd and other similarly situated.

(Complaint ¶¶ 105-106).[5] To state a claim under § 1983 for failure to train or supervise, Plaintiff must plead facts sufficient to demonstrate that, (1) the County's training and supervision practices

---

[4] Count II alleges that Vernon County Defendants had an ongoing duty of care to protect Plaintiff from the danger of injury from being fed red meat and processed meats contrary to his doctor's diagnosis and recommended and necessary dietary restriction. (Complaint ¶ 94). According to the Complaint, Plaintiff was prescribed a special diet on May 4, 2022, and on May 16, 2022, Dr. Dodd diagnosed Plaintiff as having Alpha-gal syndrome. These events happened after Plaintiff was transferred from the Cedar County Jail in August of 2021 and thus is inapplicable to the Cedar County Defendants.

[5] Plaintiff argues that Defendants Cedar County and McCrary have an affirmative duty to address training and other personnel management measures to ensure the safety of all detainees at the county jail. However, the United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement

were inadequate; (2) the County was deliberately indifferent to the rights of others in adopting these practices, such that the County's failure to train and supervise was a result of deliberate or conscious choices; and (3) the County's training and supervision deficiencies caused Plaintiffs' constitutional deprivation. *See Hall v. City of St. Louis*, 465 F.Supp.3d 937, 948 (E.D. Mo. 2020).

Taking the allegations as true for the purpose of a motion to dismiss, the Court finds that Plaintiff's alleged constitutional violations would be a reasonably foreseeable consequence of Cedar County Defendants' failure to adequate train sheriff deputies and jail staff. *See Williams v. Missouri Dep't of Corr.*, No. 1:24 CV 54 ACL, 2025 WL 48422, at *12 (E.D. Mo. Jan. 8, 2025) (finding that a prisoner's suicide was a reasonably foreseeable consequence of defendants' failure to monitor him in light of his display of suicidal behavior and thus the public duty doctrine does not mandate dismissal at the motion to dismiss stage); *see also Teague v. St. Charles Cnty.*, 708 F.Supp.2d 935, 940 (E.D. Mo. 2010) (declining to find the public duty doctrine applied as a defense to plaintiff's negligence claim for prematurity on a motion to dismiss). While Plaintiff will ultimately have to show more in order to prevail on the merits, Plaintiff's allegations are sufficient at this stage of the litigation to continue. As such, the Court finds the public duty doctrine does not mandate dismissal of Plaintiff's Count III at this time. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count III based on the public duty doctrine is **DENIED**.

## III.     Official Immunity as to Defendant McCrary

Cedar County Defendants argue that Counts I through V should be dismissed as to Defendant McCrary as there are no allegations in Plaintiff's Complaint that Defendant McCrary

---

that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). While this distinction may be slight at this stage of the litigation, it is an important distinction.

engaged in any abuse that is alleged or engaged in any violation of Plaintiff's rights. Cedar County Defendants further argue that there are no allegations of, or even any interactions that Plaintiff had with Defendant McCrary. Cedar County Defendants argue that Defendant McCrary's status as the Sheriff of Cedar County cannot form a basis for Plaintiff's claims against him and should be dismissed based upon official immunity. Plaintiff argues that official immunity is limited to acts of negligence committed during the course of official duties for the performance of discretionary acts. Plaintiff argues it does not apply to ministerial duties or to any acts done maliciously or in bad faith. Plaintiff further states he has alleged that Defendant McCrary had a duty to train his staff, in which he failed, with deliberate indifference, malice and bad faith. Plaintiff further argues that proper training of officers is ministerial in nature. Even if the Court found it is discretionary, failure to train officers not to abuse inmates also indicates bad faith, also negating official immunity.

Missouri applies the doctrine of official immunity to "protect[] public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Letterman v. Does*, 859 F.3d 1120, 1125 (8th Cir. 207) (quoting *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008)). "The official immunity doctrine, however, does not provide public employees immunity for torts committed when acting in a ministerial capacity." *Id*. "A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued," *id*., while a ministerial function "is one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed[.]" *Id*. Which category an act falls into is determined "on a case-by-case basis"

10

considering three factors: "(1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity." *Id*. However, official immunity does not apply where the discretionary act "is willfully wrong or done with malice or corruption." *Id*.

Here, Plaintiff has alleged three remaining counts against Defendant McCrary in his individual and official capacity: Count I – 42 U.S.C. § 1983 Violation of Eighth Amendment Prohibition Against Cruel & Unusual Punishment; Count III – 42 U.S.C. § 1983 Entity and Supervisory Liability; and Count V – Intentional Infliction of Emotional Distress. As official immunity does not apply to federal charges, the Court will deny official immunity as it relates to the 42 U.S.C. § 1983 claims. For the reasons stated, Cedar County Defendants Motion to Dismiss Counts I and III as to Defendant McCrary in his individual capacity are **DENIED** based upon official immunity.

Defendant McCrary is not entitled to official immunity on Count V – Intentional Infliction of Emotional Distress. Count V alleges intentional acts by Defendants to the detriment of Plaintiff. (Complaint ¶¶ 120, 124-125). The doctrine of official immunity applies to protect public employees from liability for alleged acts of negligence committed during the course of their official duties. As Plaintiff has alleged Count V stems from an intentional act compared to one of negligence, official immunity does not apply. For the reasons stated, Cedar County Defendants' Motion to Dismiss Counts V as to Defendant McCrary in his individual capacity based upon official immunity is **DENIED**.

However, the Court finds that Plaintiff has failed to raise a right to relief above a speculative level regarding Defendant McCrary in his count for intentional infliction of emotional

distair. In Missouri, to state a claim of intentional infliction of emotional distress, a plaintiff must plead: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; and (3) the conduct caused severe emotional distress resulting in bodily harm. *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 321 (Mo. Ct. App. 2010) (citing *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. Banc 1997)). While Defendant alleges various ill treatment at the hands of both Cedar County and Vernon County Defendants, Plaintiff has failed to allege a single specific instance of Defendant McCrary intentionally or recklessly causing harm to Plaintiff, let alone conduct that would be deemed extreme and outrageous. As Plaintiff has failed to allege a single specific act Defendant McCrary took upon Plaintiff, the Court finds that Plaintiff has failed to raise a right to relief as to this count regarding Defendant McCrary. For the reasons stated, Cedar County Defendants' Motion to Dismiss Defendant McCrary in his individual capacity on Count V based on a failure to state a claim is **GRANTED**.

### III.    Failure to State a Claim Against Defendant Cedar County, Missouri

#### A.    42 U.S.C. § 1983 Claims

Cedar County Defendants challenge Plaintiff's Count I – 42 U.S.C. § 1983 Violation of Eighth Amendment Prohibition Against Cruel & Unusual Punishment and Count III – 42 U.S.C. § 1983 Entity and Supervisory Liability arguing that Plaintiff cannot show that any alleged constitutional violation Plaintiff suffered resulted from an official policy, an official custom or a deliberately indifferent failure to train or supervise. Cedar County Defendants argue that Plaintiff has failed to show that any municipal action was taken with the requisite degree of culpability nor is there a direct causal link between any such municipal action and the deprivation of a federal right. Plaintiff argues that the allegations in his Complaint meet both the § 1983 deliberate

indifference standard and "malice or bad faith" criterion. Plaintiff argues he has alleged four separate officers under Sheriff McCrary's supervision in the employment of Cedar County maced, tazed, choked, beat, threatened and deprived Plaintiff of water and essential medication in a short time. Further, Plaintiff argues that he has alleged deliberate indifference, bad faith, and malice for supervisory and entity liability.

A § 1983 action against an individual in his or her official capacity is equivalent to a claim against the entity itself, requiring proof that an official custom or policy led to a constitutional deprivation. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed. 2d 301 (1991).

### i.    Count I

Plaintiff has failed to raise a right to relief above a speculative level against Cedar County Defendants in their official capacities. Plaintiff alleges in Count I:

> In addition to the Eighth Amendment's prohibition against cruel and unusual punishment, according to the United Nations Code of Conduct for Law Enforcement Officials, law enforcement officers have a duty of care to respect and protect human dignity and maintain and uphold the human rights of all persons, and a corresponding duty to avoid the use of force unless strictly necessary and only to the extent required for the performance of their duty. All Defendants violated these duties by using unnecessary and extensive force against Jeremy Boyd.

(Complaint ¶¶ 85-86). Specifically, as it relates to Cedar County Defendants, Plaintiff alleges:

> On March 7, 2021, Defendant Lukenbill maced Jeremy Boyd while he was on the phone and in the custody of the Cedar County Jail. On April 30, 2021, Defendants John Doe Cedar County Jailers 1 and 2 maced Jeremy Boyd inside his cell, turned his water off and denied him his blood pressure medication. On or about May 5, 2021, Defendants John Doe Cedar County Jailers 1 and 2 tazed and physically assaulted Jeremy Boyd. On June 6, 2021, Defendants John Doe Cedar County Jailer 1 and 2 maced Jeremy Boyd while he was in his cell. On June 17, 2021, Defendant Heryford assaulted and battered Jeremy Boyd by choking him unconscious and beating him resulting in his eye being swollen shut. In or about June 2021, Jeremy Boyd reported the assaults and batteries by Cedar County jail staff via the inmate hotline. After the hotline call, Jeremy Boyd was isolated by Cedar County jail staff and threatened with further violence to his person if additional hotline calls were made.

13

(Complaint ¶¶ 30-36). Plaintiff has failed to allege an official custom or policy within Count I. Plaintiff does not allege that an official custom, policy or practice lead to a constitutional deprivation of Plaintiff. Plaintiff solely alleges in this Count that "[a]ll Defendant violated these duties by using unnecessary and extensive force against Jeremy Boyd." (Complaint ¶ 86). This, however, is not sufficient to assert proof that an official custom or policy was in place that lead to the alleged unnecessary and extensive force against Plaintiff. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count I based upon failure to show a constitutional violation resulting from an official policy, custom, or deliberately indifferent failure to train or supervise is **GRANTED** as to Defendant Cedar County, Missouri and Defendants McCrary, Lukenbill and Heryford in their official capacities.

### ii.    Count III

Taking the allegations as true for the purposes of a motion to dismiss, Plaintiff has raised a right to relief above a speculative level. Here, Plaintiff alleges in Count III:

> Defendants Cedar County and McCr[]ary acted with deliberate indifference, gross negligence, and reckless disregard to the safety, security and constitutional and statutory rights of Jeremy Boyd and all persons similarly situated by maintaining, enforcing, tolerating, permitting, acquiescing in and applying polices, practices and customs of, among other things:
>
> a.  Failing to adequately train both jail personnel on mental health crisis management;
>
> b.  Failing to adequately train jail personnel on the additional medical monitoring and care necessary for person with dietary allergies and prescribed restrictive diets;
>
> c.  Failing to adequately train, supervise, and control officers int eh arts of law enforcement and detention, with detainees in a secured facility;
>
> d.  Failing to adequately train, supervise, and/or reprimand officers in regards to sexual assaults and harassment.

(Complaint ¶ 107). Plaintiff alleges that Defendants Cedar County, Missouri and McCrary had a policy, practice or custom of failing to adequately train, supervise and reprimand jail personnel and officers which lead to the alleged statutory and constitutional deprivations suffered by Plaintiff. Taking the allegations as true for the purposes of a motion to dismiss, Plaintiff has raised a right to relief above a speculative level. However, to prevail on any failure to train claim, Plaintiff will ultimately have to prove what training was done and show the inadequacies of that training. It will not be sufficient to prove inadequate training from the conduct of the jailers alone. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count III based upon failure to show a constitutional violation resulting from an official policy, custom, or deliberately indifferent failure to train or supervise is **DENIED**.

## B.    Count V

Cedar County Defendants also argue that they are entitled to sovereign immunity against Plaintiff's Count V – Intentional Infliction of Emotional Distress. Cedar County Defendants argue that Plaintiff summarily alleges that Cedar County carries liability inclusive of the types of claims alleged. However, Cedar County Defendants argue that nowhere in the Complaint are there any facts that would demonstrate the existence of liability insurance for the claims in Plaintiff's Complaint. Plaintiff argues that his allegation that Cedar County carries liability coverage inclusive of the types of claims alleged in his Complaint is sufficient to defeat sovereign immunity at this stage of the litigation.

"[T]he [c]ounty–as a political subdivision–is immune from suit under the doctrine of sovereign immunity." *Brentwood Glass Co., Inc. v. Pal's Glass Serv., Inc.*, 499 S.W.3d 296, 305 (Mo. 2016) (citing *State ex rel. Missouri Dep't of Agric v. McHenry*, 687 S.W.2d 178, 182 n.5

(Mo.banc 1985); Mo. Rev. Stat. § 537.600). Sovereign immunity has existed by statute in Missouri since 1977, with certain exceptions that Missouri courts construe narrowly. Specifically, Mo. Rev. Stat. § 537.600, provides that public entities generally retain sovereign immunity for both negligent and intentional tort claims unless an express exception applies. *See White v. Dulany*, No. 2:21-CV-04103-MDH, 2021 WL 4303602, at *7 (W.D. Mo. Sept 21, 2021). Review of the statute demonstrates that sovereign immunity can be waived, for example, in automobile cases and cases involving injury caused by a dangerous condition of public property. Additionally, when a public entity purchase liability insurance for tort claims, sovereign immunity is waived to the extent of and for the specific purposes of the insurance purchased. *Noon v. City of Platte Woods, Missouri*, 647 F.Supp.3d 708, 716 (W.D. Mo. 2022), *aff'd*, 94 F.4th 759 (8th Cir. 2024); *see also* Mo. Rev. Stat. § 537.610.1. Statutory provisions waiving sovereign immunity are strictly construed." *A.S v. Willard Pub. Sch.*, 702 S.W.3d 276, 279 (Mo. Ct. App. 2024) (quoting *Allen v. 32nd Judicial Circuit*, 638 S.W.3d 880, 891 (Mo. banc 2022), *as modified on denial of reh'g* (Mar. 1, 2022)). "The Plaintiff must establish these elements as part of its own case, because sovereign immunity is not an affirmative defense*." A.S. v. Willard Pub. Sch.*, 702 S.W.3d 276, 279 (Mo. Ct. App. 2024) (quoting *Maune ex rel. Maune v. City of Rolla*, 203 S.W.3d 802, 804 (Mo. App. 2006)). Although sovereign immunity is a tort protection for government entitles, not their employees, public employees are covered by two different government immunity doctrines: the official immunity and public duty doctrines. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008), *as modified on denial of reh'g* (Sept. 30, 2008).

At this stage of the litigation, Plaintiff has successfully pleaded an exception to sovereign immunity. Here, Plaintiff's Complaint states "[u]pon information and belief, Defendant Cedar County carries liability insurance with coverage inclusive of the types of claims alleged herein."

16

(Complaint ¶ 13). While it is doubtful that there would be any insurance carrier that would underwrite a policy covering an intentional tort of the insured, the Court taking the allegations as true, finds this sufficient to dispense with the Cedar County Defendants claim of sovereign immunity. However, if Plaintiff cannot demonstrate the insurance would provide coverage, Defendants may move straight to summary judgment on this count. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count V based upon sovereign immunity is **DENIED**.

## IV.     Failure to State a Claim Against Defendants Lukenbill and Heryford

Cedar County Defendants argue that Counts I through V against Defendants Lukenbill and Heryford should be dismissed as they are entitled to qualified immunity as well as official immunity.[6] Plaintiff argues neither qualified immunity nor official immunity are appropriate in this case. The Court will take each in turn.

### A.     Qualified Immunity

Cedar County Defendants argue that Defendants Lukenbill and Heryford are entitled to qualified immunity. Plaintiff alleges that the Complaint sufficiently alleges that Defendants violated Plaintiff's constitutional rights and that Defendants knew, or should have known, that they were violating Plaintiff's statutory and constitutional rights.

To determine if an individual is entitled to qualified immunity, the Court must conduct a two-part inquiry: "(1) [whether] the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) [whether] the right was clearly established at the time of deprivation." *Ryno v. City of Waynesville*, 58 F.4th 995, 1004 (8th

---

[6] Counts II and IV have already been dismissed as it pertains to the Cedar County Defendants. As such, the Court will focus its analysis on the remaining three claims.

Cir. 2023) (quoting *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012)). A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The courts have the discretion to decide which of the two prongs of qualified-immunity analysis to tackle first. *Lombardo v. City of St. Louis*, 38 F.4th 684, 690 (8th Cir. 2022) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

### i. Counts I

The Court finds that the Eight Amendment's prohibition on cruel and unusual punishment was clearly established as its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. This point is unchallenged within the briefing and the Court would expect that Cedar County Defendants would understand the rights afforded to those that ultimately end up within the confines of the Cedar County Jail.

Next, the Court will evaluate whether, viewed in the light most favorable to the plaintiff, if Defendants Lukenbill and Heryford deprived Plaintiff of a constitutional or statutory right. In the context of the Eighth Amendment "only the unnecessary and wanton infliction of pain constitutions cruel and unusual punishment." *Peterson v. Heinen*, 89 F.4th 628, 635 (8th Cir. 2023) (quoting *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). "The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Id*. The "core judicial inquiry" is whether the accused officers applied force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*

*v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The Court is guided by "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials', and 'any efforts made to temper the severity of a forceful response'." *Id*.

Here, Plaintiff alleges:

In addition to the Eighth Amendment's prohibition against cruel and unusual punishment, according to the United Nations Code of Conduct for Law Enforcement Officials, law enforcement officers have a duty of care to respect and protect human dignity and maintain and uphold the human rights of all persons, and a corresponding duty to avoid the use of force unless strictly necessary and only to the extent required for the performance of their duty. All Defendants violated these duties by using unnecessary and extensive force against Jeremy Boyd.

(Complaint ¶¶ 85-86). Specifically, as it relates to Cedar County Defendants, Plaintiff alleges:

On March 7, 2021, Defendant Lukenbill maced Jeremy Boyd while he was on the phone and in the custody of the Cedar County Jail. On April 30, 2021, Defendants John Doe Cedar County jailers 1 and 2 maced Jeremy Boyd inside his cell, turned his water off and denied him his blood pressure medication. On or about May 5, 2021, Defendants John Doe Cedar County Jailers 1 and 2 tazed and physically assaulted Jeremy Boyd. On June 6, 2021, Defendants John Doe Cedar County Jails 1 and 2 maced Jeremy Boyd while he was in his cell. On June 17, 2021, Defendant Heryford assaulted and battered Jeremy Boyd by choking him unconscious and beating him resulting in his eye being swollen shut. In or about June 2021, Jeremy Boyd reported the assaults and batteries by Cedar County jail staff via the inmate hotline. After the hotline call, Jeremy Boyd was isolated by Cedar County jail staff and threatened with further violence to his person if additional hotline calls were made.

(Complaint ¶¶ 30-36). Taking the allegations as true for the purposes of a motion to dismiss, the Court finds that the application of force versus the threat reasonably perceived by the responsible officials as being unnecessary. The Court cannot say at this stage of the litigation that Defendants Lukenbill or Heryford are entitled to qualified immunity based upon the allegations in Plaintiff's Complaint and the briefing of this motion before the Court. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count I against Defendants Lukenbill and Heryford in their individual capacities based upon qualified immunity is **DENIED**.

19

ii. **Count III**

The Court finds that the Fourteenth Amendment's substantive due process rights was clearly established as its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. Under the Fourteenth Amendment's substantive due process rights, the State has an affirmative duty to protect a person when the State has put limitations on the person's personal liberty, like in the case of a prisoner. *Pickard v. Jones*, No. 1:23CV54 JMB, 2023 WL 4075548, at *3 (E.D. Mo. June 20, 2023); *see also Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."). The United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Next, the Court will evaluate whether, viewed in the light most favorable to the plaintiff, if Defendants Lukenbill and Heryford deprived Plaintiff of a constitutional or statutory right. Here, Plaintiff alleges:

> On March 7, 2021, Defendant Lukenbill maced Jeremy Boyd while he was on the phone and in the custody of the Cedar County Jail. On April 30, 2021, Defendants John Doe Cedar County jailers 1 and 2 maced Jeremy Boyd inside his cell, turned his water off and denied him his blood pressure medication. On or about May 5, 2021, Defendants John Doe Cedar County Jailers 1 and 2 tazed and physically assaulted Jeremy Boyd. On June 6, 2021, Defendants John Doe Cedar County Jails 1 and 2 maced Jeremy Boyd while he was in his cell. On June 17, 2021, Defendant Heryford assaulted and battered Jeremy Boyd by choking him unconscious and beating him resulting in his eye being swollen shut. In or about June 2021, Jeremy Boyd reported the assaults and batteries by Cedar County jail staff via the inmate hotline. After the hotline call, Jeremy Boyd was isolated by Cedar County jail staff

and threatened with further violence to his person if additional hotline calls were made.

(Complaint ¶¶ 30-36). Taking the allegations as true for the purposes of a motion to dismiss, the Court finds that the allegations show an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Cedar County Defendants have not stated any reason for the escalation of force or mitigating circumstances warranting the force alleged. The Court cannot say at this stage of the litigation that Defendants Lukenbill or Heryford are entitled to qualified immunity based upon the allegations in Plaintiff's Complaint and the briefing of this motion before the Court. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count III against Defendants Lukenbill and Heryford in their individual capacities based upon qualified immunity is **DENIED**.

### iii.    Count V

Defendants Lukenbill and Heryford are not entitled to qualified immunity as to Count V. Qualified immunity shields government officials from suit in a § 1983 action unless their conduct violates a clearly established statutory or constitutional right of which a reasonable officer would have known. *Dreith v. City of St. Louis, Missouri*, 55 F.4th 1145, 1148 (8th Cir. 2022) (citing *Quraishi v. St. Charles Cnty.*, 986 F.3d 831, 835 (8th Cir. 2021)). As this claim is predicated on the state tort claim of Intentional Infliction of Emotional Distress, qualified immunity does not apply. For the reasons stated, Cedar County Defendants' Motion to Dismiss Defendants Lukenbill and Heryford in their individual capacities for Count V is **DENIED**.

### B.    Official Immunity

Cedar County Defendants argue that Defendants Lukenbill and Heryford, as with any other officers' decision regarding use of force in dealing with a citizen, inmate or otherwise, is

necessarily a discretionary act. Cedar County Defendants further argue that engaging with a citizen is not a ministerial or clerical act but rather a decision made at the time given the individual's words, actions and encounter with the officers along a use of force continuum. As such, Cedar County Defendants argue that Defendant Lukenbill and Heryford were using their discretion in dealing with Plaintiff and thus official immunity applies. Plaintiff argues that Defendants Lukenbill, Heryford and John Does 1 and 2 acted in bad faith and maliciously toward Plaintiff. Plaintiff therefore argues that bad faith and malice preclude the use of official immunity for Defendants Lukenbill and Heryford in this case.

### A.    Counts I and III

Defendants Lukenbill and Heryford, as well as Cedar County Jailer 1 and 2 are not entitled to official immunity as to Count I – 42 U.S.C. § 1983 Violation of Eighth Amendment Prohibition Against Cruel and Unusual Punishment and Count III – 42 U.S.C. § 1983 Entity and Supervisory Liability. As discussed above with Defendant McCrary, official immunity does not apply to federal claims. For the reasons stated Cedar County Defendants' Motion to Dismiss Counts I and III as to Defendants Lukenbill and Heryford in their individual capacities are **DENIED** based upon official immunity.

### B.    Count V

Defendants Lukenbill and Heryford are not entitled to official immunity as to Count V – Intentional Infliction of Emotional Distress. Count V alleges intentional acts by Defendants to the detriment of Plaintiff. (Complaint ¶¶ 124-125). As such, the doctrine of official immunity does not apply. For the reasons stated, Cedar County Defendants' Motion to Dismiss Counts I and V as to

Defendants Lukenbill and Heryford in their individual capacity based upon official immunity are **DENIED**.

## CONCLUSION

For the reasons stated, Cedar County Defendants' Motion to Dismiss Plaintiff's Complaint is **GRANTED IN PART AND DENIED IN PART**. Count I – 42 U.S.C. § 1983 Violation of Eighth Amendment Prohibition Against Cruel & Unusual Punishment is **DENIED** as to Cedar County Defendnats based upon the public duty doctrine; **DENIED** as to Defendant McCrary in his individual capacity based upon official immunity; **GRANTED** as to Defendants Cedar County, Missouri and Defendants McCrary, Lukenbill and Heryford in their official capacities based upon failure to state a claim; and **DENIED** as to Defendants Lukenbill and Heryford in their individual capacities based on qualified and official immunity. Count II – 42 U.S.C. § 1983 Violation of Fourteenth Amendment Right to Medical Care Post-Detention against all Defendants is **GRANTED** in its entirety as to the Cedar County Defendants. Count III – 42 U.S.C. § 1983 Entity and Supervisory Liability is **DENIED** as to Cedar County Defendants based upon the public duty doctrine; **DENIED** as to Defendant McCrary in his individual capacity based upon official immunity; **DENIED** as to Defendant Cedar County, Missouri based upon a failure to state a claim; and **DENIED** as to Defendants Lukenbill and Heryford. Count IV – Assault and Battery is **GRANTED** in its entirety as to the Cedar County Defendants. Count V – Intentional Infliction of Emotional Distress is **DENIED** as to the Cedar County Defendants based upon the public duty doctrine; **DENIED** as to Defendant McCrary in his individual capacity based upon official immunity; **GRANTED** as to Defendant McCrary in his individual capacity based upon failure to state a claim; **DENIED** as to Defendant Cedar County, Missouri based upon sovereign immunity;

23

and **DENIED** as to Defendants Lukenbill and Heryford in their individual capacities based on qualified and official immunity.

**IT IS SO ORDERED**.

DATED: November 20, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**
